1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     LEONARD BAGSBY,                          No.  2:19-cv-0192 WBS AC

12                  Petitioner,

13           v.                                 ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14     ROBERT FOX,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, superseded by three amended petitions, together with

19   applications to proceed in forma pauperis.

20          Examination of the in forma pauperis application reveals that petitioner is unable to afford

21   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

22   28 U.S.C. § 1915(a).

23          Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

24   (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

25   from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

26   court."  The several habeas petitions (ECF Nos. 1, 8, 9 & 10) all allege that CDCR failed to

27   comply with Proposition 57.  Petitioner, who was convicted in 1995 of crimes including robbery,

28   and sentenced to 118 years to life imprisonment, challenges a decision by the California

1

1  Department of Corrections and Rehabilitation that he is not eligible for early parole consideration

2  under Proposition 57.[1]  Petitioner contends that he is eligible for such consideration because his

3  primary offense does not constitute a "violent offense," and because state court interpretations of

4  Proposition 57 changed the eligibility criteria to include him.

5       Federal habeas relief is available to state inmates who are "in custody in violation of the

6  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas relief is not

7  available for state law errors of any kind.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.

8  1985).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own

9  sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th

10  Cir. 1994).  A habeas petitioner must show that an alleged state sentencing error was "so arbitrary

11  or capricious as to constitute an independent due process violation."  Richmond v. Lewis, 506

12  U.S. 40, 50 (1992).  Proposition 57 addresses parole consideration rather than sentencing per se,

13  and the U.S. Constitution establishes no substantive right to parole or consideration for parole.

14  Swarthout v. Cooke, 562 U.S. 216, 220 (2011).  Accordingly, a claim based on denial of

15  consideration for parole does not present a federal issue.

16       Petitioner's Proposition 57 claim is not cognizable on federal habeas review because it

17  presents a question of state law that does not implicate federal rights.  Petitioner cannot transform

18  a state law issue into a federal one by merely invoking due process.  Langford v. Day, 110 F.3d

19  1380, 1389 (9th Cir. 1996).  It is clear from the several petitions and their attachments that

20  petitioner raised his Proposition 57 claims in state court – two of the four petitions filed in this

21  court are copies of those submitted to the Superior Court in San Bernadino County.  See ECF

22  Nos. 8, 9.  Although petitioner does not include any state court orders denying him relief, and

23  does not provide information about the exhaustion of state court remedies in the petitions, it is

24  apparent that no relief was provided.  A state court determination that petitioner is not eligible

25  _____

[1] Proposition 57 added Article 1, Section 32 to the California Constitution.  It states in relevant
26  part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to
state prison shall be eligible for parole consideration after completing the full term of his or her
27  primary offense," defined for these purposes as "the longest term of imprisonment imposed by the
court for any offense, excluding the imposition of an enhancement, consecutive sentence, or
28  alternative sentence."  Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

1    under Proposition 57 would be binding on this court.  See Bradshaw v. Richey, 546 U.S. 74, 76

2    (2005) (per curiam) (state court's interpretation of state law is binding on federal habeas court).

3    There is no need to require submission of the state court record, because this court lacks

4    jurisdiction in any case to consider the proper construction and application of Proposition 57.  See

5    Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to

6    determine state-law questions).

7         Because it plainly appears that the petitioner is not entitled to relief in the district court,

8    the petitions should be summarily dismissed.

9         Accordingly, IT IS HEREBY ORDERED that petitioner's applications to proceed in

10    forma pauperis (ECF Nos. 3, 6, 11) are granted.

11        IT IS FURTHER RECOMMENDED that petitioner's applications for a writ of habeas

12    corpus be dismissed.

13        These findings and recommendations are submitted to the United States District Judge

14    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

15    after being served with these findings and recommendations, petitioner may file written

16    objections with the court.  Such a document should be captioned "Objections to Magistrate

17    Judge's Findings and Recommendations."  If petitioner files objections, he shall also address

18    whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28

19    U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time

20    may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

21    Cir. 1991).

22    DATED: April 7, 2021

23                                    ALLISON CLAIRE
                                     UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28